UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

STATESVILLE DIVISION

CASE NO.: 5:11CR22

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| EDGAR SANTANA, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court upon Defendant's Appeal of Magistrate's Detention Order (Doc. 42) and Motion to Stay Magistrate's Order of Detention (Doc. 43). Defendant Santana was indicted in April 2011 and has pleaded guilty to one violation of the Controlled Substances Act, 21 U.S.C. § 846, which carries a maximum penalty of ten years imprisonment or more. (Doc. 33.) This plea was accepted by the magistrate judge, and Defendant was remanded into custody. Previously, Defendant was deemed eligible for pretrial release; Defendant now asks the Court to restore his bond pending sentencing.

Under the Bail Reform Act of 1984, a federal criminal defendant who has pleaded guilty to an offense prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., for which a maximum term of imprisonment is ten years or more, "shall" be detained unless it can be found "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person in the community," 18 U.S.C. § 3143(a)(2)(B); *United States v. Luisa*, 266 F.Supp.2d 440, 446 (W.D.N.C. 2003) (deeming a defendant who has entered a guilty plea to be "found guilty" per the terms of the statute). Pending sentencing, the burden of establishing this evidence rests with the defendant. Fed. R. Crim. P. 46(c). Furthermore, either there must be a

substantial likelihood that a motion for acquittal or new trial will be granted, or an attorney for the Government must recommend that no sentence of imprisonment be imposed. 18 U.S.C. § 3143(a)(2)(A).

If the requirements of 18 U.S.C. § 3143(a)(2) are not met, a federal criminal defendant who by clear and convincing evidence poses no threat of flight or danger to the community may be ordered released "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Such "exceptional reasons" may overcome the otherwise mandatory detention provisions of subsection 3143(a)(2). *United States v. Goforth*, 546 F.3d 712, 714 (4th Cir. 2008); *see* 9B Fed. Proc., L.Ed 22:1890 (2011) ("The view of the great majority of courts is that district courts have the authority to consider whether 'exceptional reasons' exist to release a defendant pending sentencing or appeal.").

Here, there is nothing in the record to suggest that Defendant satisfies subsection 3143(a)(2)(A). Defendant faces a ten-year sentence pursuant to the terms of his plea agreement. As such, the Government has not made the requisite recommendation, and there is no substantial likelihood of acquittal or a new trial.

Nonetheless, Defendant maintains that the Court has discretion per subsection 3145(c) to order his release pending sentence because of his otherwise untarnished criminal record, scope of participation in the conspiracy, full cooperation with the Government, role as the family breadwinner, behavior while on supervised release, and detention with a potentially hostile co-defendant. (Doc. 43.) The Court need not reach the issues of flight risk or dangerousness because these bases, while commendable, do not constitute "exceptional reasons" rendering detention inappropriate. *See, e.g.*, *United States v. Larue*, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, and continued

employment not to be exceptional reasons warranting release); *United States v. Mahabir*, 858 F.Supp. 504, 508 (D. Md. 1994) (noting that a defendant's incarceration and agreement to cooperate regularly create unfortunate difficulties, including threats of retaliation, for him and his family). Even considered as a whole, Defendant's circumstances are not "exceptional."

      **IT IS, THEREFORE, ORDERED** that Defendant Santana remain in custody pending sentencing. Defendant's Motion to Stay is therefore moot, and his appeal for a de novo hearing on the magistrate judge's decision is **DENIED**.

Signed: September 2, 2011

Richard L. Voorhees
United States District Judge